CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

3/30/2022
JULIA C. DUDLEY, CLERK
BY:   s/ A. Little
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

---

ASHTON S.,[1]

                    *Plaintiff,*

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[2]

                    *Defendant.*

CASE NO. 6:21-cv-1

MEMORANDUM OPINION & ORDER

JUDGE NORMAN K. MOON

---

This matter comes before the Court on Plaintiff Ashton S.'s objections to Magistrate

Judge Ballou's Report & Recommendation (R&R) on Plaintiff's appeal of the Commissioner of

Social Security's final decision denying her application for Supplemental Security Income (SSI)

under the Social Security Act, 42 U.S.C. § 1381-1383f.

The Court holds that the Commissioner's decision was based on substantial evidence, and

therefore overrules Plaintiff's objections (Dkt. 21), adopts the R&R (Dkt. 20), affirms the

Commissioner's decision, grants the Commissioner's motion for summary judgment (Dkt. 17),

and denies Plaintiff's motion for summary judgment (Dkt. 11).

**STANDARD OF REVIEW**

Objections to a magistrate judge's R&R under Federal Rule of Civil Procedure 72(b)

"train[] the attention of both the district court and the court of appeals upon only those issues that

remain in dispute after the magistrate judge has made findings and recommendations." *United*

---

[1] The Committee on Court Administration and Case Management of the Judicial
Conference of the United States has recommended that, due to significant privacy concerns in
social security cases, federal courts refer to claimants only by their first names and last initials.

[2] Acting Commissioner Kijakazi is hereby substituted as the named defendant in this
action. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

1

*States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) (citing *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985)). The district court must determine *de novo* any portion of the magistrate judge's R&R to which a proper objection has been made. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C); *Farmer*, 177 F. App'x at 330–31.

In conducting this review, this Court must affirm the Administrative Law Judge's ("ALJ") factual findings if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019); *Bird v. Comm'r of Soc. Sec.*, 669 F.3d 337, 340 (4th Cir. 2012). Under this standard of review, the Court must "look[] to an existing administrative record and ask[] whether it contains 'sufficien[t] evidence' to support the [ALJ's] factual determinations." *Biestek*, 139 S. Ct. at 1154 (internal citations omitted). Substantial evidence requires more than a mere scintilla—but less than a preponderance—of evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Where "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the ALJ's decision. *Id*. A reviewing court may not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations omitted). "Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, even if the Court would have made contrary determinations of fact, it must

nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See*

*Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971).

## FACTS AND PROCEDURAL HISTORY

Plaintiff filed for SSI in May 2019, claiming that she was disabled beginning April 18,

2018 due to Crohn's disease, migraines, bipolar disorder, borderline personality disorder, and

post-traumatic stress disorder (PTSD). (Dkt. 9-1 (Administrative Record) at 15, 200, 204).

The state agency denied her claim in August 2019, and again upon reconsideration in

December 2019. (*Id.* at 129–142, 143–149). The ALJ held a hearing on her claim in September

2020. (*Id.* at 33–70). Plaintiff was represented by counsel at the hearing and was aided by the

testimony of a vocational expert. (*Id.*). Later in September 2020, the ALJ issued a final decision

denying Plaintiff's claim for SSI. (*Id.*).

The ALJ analyzed Plaintiff's claim under the five-step process laid out in 20 C.F.R.

§§ 404.1520(a)(4), 416.920(a)(4).[3] The relevant period for Plaintiff's claim was May 8, 2019

(her application date) to September 30, 2020 (the date of the ALJ's final decision). *See* 20 C.F.R.

§ 416.202; 20 C.F.R. § 416.501. The ALJ found that Plaintiff had not engaged in substantial

gainful activity since May 8, 2019. (Dkt. 9-1 at 17). The ALJ determined that Plaintiff suffered

---

[3] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R.§ 404.1520); *Heckler v. Campbell*, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. At the fifth step, the burden shifts to the Commissioner to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); *Taylor v. Weinberger*, 512 F.2d 664, 666 (4th Cir. 1975).

from the severe impairments of Crohn's disease, degenerative disc disease of the lumbar spine,

migraines, obesity, bipolar disorder, borderline personality disorder, and PTSD. (*Id.*). The ALJ

determined that these impairments, either individually or collectively, did not meet or medically

equal a listed (enumerated) impairment for the purposes of the regulations. (*Id.* at 18–19). The

ALJ considered but did not consider severe Plaintiff's alleged vertigo, fluid retention, heart

abnormalities, gastroesophageal reflux disease (GERD), restless leg syndrome, plantar fasciitis,

and leaning disability. (*Id.* at 18).

The ALJ further found that Plaintiff retained the residual functional capacity (RFC) to

perform light work, and particularly could stand and/or walk for four hours in an eight-hour day;

could frequently climb ramps and stairs, stoop, kneel, crouch, and crawl; could occasionally

climb ladders, ropes, or scaffolds; could tolerate occasional exposure to respiratory irritants,

vibration, and hazards; could tolerate no more than moderate noise level; could maintain

concentration, persistence, and pace to perform unskilled work at a nonproduction pace, defined

as an assembly line, in two-hour increments in an eight-hour day; and could interact with

coworkers and the public occasionally. (*Id.* at 21–26).

Finally, the ALJ found that Plaintiff had no past relevant work but could perform certain

kinds of work that exist in the national economy. (*Id.* at 26–27).

After the ALJ denied Plaintiff's claim, Plaintiff appealed the ALJ's decision, and the

Appeals Council denied her request for review in December 2020. (*Id.* at 1–6). The appeal to this

Court followed. Both Plaintiff and the Commissioner filed motions for summary judgment which

were referred to Judge Ballou for an R&R. (Dkt. 11, 17). Judge Ballou found that the ALJ's

decision was based on substantial evidence and recommended affirming the ALJ's decision.

(Dkt. 20). Plaintiff filed objections to the R&R (Dkt. 21), and the Court now considers those objections *de novo*.

## ANALYSIS

Plaintiff makes two objections to the R&R. First, Plaintiff argues that the ALJ did not properly consider Plaintiff's diarrhea and bathroom use. (Dkt. 21 at 1). Second, Plaintiff argues that the ALJ did not properly consider Plaintiff's migraines. (Dkt. 21 at 7). Although Plaintiff argues on both of those objections that the ALJ ignored or failed to explain evidence, the ALJ did, in fact, sufficiently explain the evidence and her decision making for each of those symptoms. Plaintiff wants to relitigate the ALJ's precise conclusions from the evidence, but this Court's task is only to determine whether the ALJ's decision was based on substantial evidence, and it was.

First Objection: The ALJ's Decision With Respect to Plaintiff's Diarrhea and Bathroom Use

Plaintiff asserts that the ALJ failed to account for her diarrhea and bathroom use. (Dkt. 21 at 1–7). Plaintiff claims that she is not asking for fact review—which she acknowledges is not appropriate at this stage—but a determination that the ALJ's took "cognizance" but did not "account" for her diarrhea and bathroom use. (*Id.* at 2). Whatever the distinction between taking "cognizance" of evidence and "accounting" for evidence might be, the ALJ's decision with respect to Plaintiff's diarrhea and bathroom use was based on substantial evidence.

The record reflects that the ALJ first acknowledged Plaintiff's symptoms: "[Claimant] testified that she cannot maintain fulltime employment because she has Crohn's disease. This condition is not well controlled, so she must use the bathroom eight to nine times per day." (Dkt. 9-1 at 22). Further, the ALJ acknowledged the evidence supporting her symptoms, and weighed that evidence against the contradictory evidence:

> The claimant has long complained of abdominal pain, and a colonoscopy performed in April 2019 showed Crohn's disease. Accordingly, she was prescribed an injected immunosuppressant. Although she has used this medication consistently and attended regular appointments with a gastroenterologist, she seeks emergency treatment frequently, and complains of persistent symptoms, such as abdominal pain, diarrhea, and constipation. Nonetheless, examinations are routinely normal, aside from lower abdominal tenderness and occasional hypoactive bowel sounds. Additionally, follow up colonoscopies and biopsies conducted since November 2019 have not shown active disease

(*Id.* (citing to evidence in the record)).  Then, the ALJ carefully considered, with specific references to the evidence, what Plaintiff's RFC was. The ALJ noted that the state agency physicians found that she was capable of working. (*Id.*). The ALJ noted that her treatment had mostly been conservative. (*Id.*). The ALJ further noted that Plaintiff "is able to care for her personal needs, do chores around the house, go shopping, attend church, and visit her mother. Further, she has told providers that she enjoys swimming, playing volleyball, and walking, and has not indicated that she must use the bathroom frequently throughout the day." (*Id*. at 23). Therefore, the ALJ concluded that "the objective findings contained in the record, the conservative care she has received, her statements to providers for treatment purposes, and her admitted ability to perform a variety of daily tasks all suggest that these symptoms are not as severe or as limiting as she claims." (*Id.* at 23–24).

Thus, the ALJ acknowledged Plaintiff's offered evidence on her diarrhea and bathroom use, weighed the credibility of that evidence, including its inconsistency with other evidence in the record, and came to a reasoned conclusion that the evidence did not support Plaintiff's claim.

The ALJ's decision with respect to Plaintiff's diarrhea and bathroom use was based on substantial evidence.

<u>Second Objection: The ALJ's Decision With Respect to Plaintiff's Migraines</u>

For similar reasons, the ALJ's decision with respect to Plaintiff's migraines was based on substantial evidence. First, the ALJ acknowledged Plaintiff's symptoms:

> The claimant also has migraine headaches, and these are a factor in her postural restrictions, and affect her capacity to interact with respiratory irritants, noise, and hazards. She has discussed these headaches with her primary care provider on multiple occasions, takes medications to control them, and has met with a neurologist twice about them. Even with this care, she complains of persistent migraines that occur two or three times per month

(Dkt. 9-1 at 23). The ALJ noted that the state agency physicians determined that Plaintiff's migraines require her to avoid concentrated exposure to noise, vibrations, pulmonary irritants, and other hazards. (*Id.*). The ALJ noted that she found the state agency physicians' opinions persuasive; therefore, the ALJ incorporated them into her RFC finding: "[Claimant] should only be expos[ed] to respiratory irritants and vibrations occasionally, and should work in an environment involving no more than a moderate noise level. Similarly, given her pain and other symptoms, it is dangerous for her to work around hazards." (*Id.* at 25).

Plaintiff's objections state that the ALJ "failed to give any reasons for not believing [Plaintiff's] allegations concerning migraines," and that the ALJ "stated conclusorily [sic] that the RFC was consistent with the record concerning [Plaintiff's] migraines." (Dkt. 21 at 9). But the ALJ did not disagree that Plaintiff had migraines—as mentioned, the ALJ incorporated Plaintiff's limitations based on her migraines into the RFC finding. (Dkt. 9-1 at 25). And it is unclear where the ALJ allegedly "stated conclusorily that the RFC was consistent with the record concerning [Plaintiff's] migraines," but the bottom line is that the ALJ acknowledged and weighed the evidence provided by Plaintiff, the objective evidence in the record, and the opinions of the state agency physicians, and came to a reasoned conclusion that Plaintiff's migraines limited her RFC.

The ALJ's decision with respect to Plaintiff's migraines was based on substantial evidence.

## CONCLUSION

For the reasons stated, the Court

- ADOPTS the R&R, Dkt. 20, in full;

- AFFIRMS the Commissioner's final decision;

- OVERRULES Plaintiff's objections to the R&R, Dkt. 21;

- DENIES Plaintiff's motion for summary judgment, Dkt. 11;

- and GRANTS the Commissioner's motion for summary judgment, Dkt. 17.

The Court further DIRECTS the Clerk of the Court to DISMISS this case from the Court's active docket and to send a copy of this order to all counsel of record.

It is so ORDERED.

Entered this ___30th___ day of March 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE